**Marvin Estuardo ESTRADA SUCHITE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76756.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Marvin Estuardo Estrada Suchite, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), we deny the petition for review.

■ Substantial evidence supports the agency's determination that Estrada Suchite did not establish past persecution or a well-founded fear of future persecution on account of a protected ground where he received only anonymous, ambiguous

threats and where the only evidence as to the source and reason for the threats was Estrada Suchite's speculative testimony that ex-guerillas may have targeted him because of his past military service. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005); *see also Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002) (concluding that petitioner had not established a nexus to a protected ground based on his father's past military involvement). Accordingly, Estrada Suchite failed to establish eligibility for asylum, and we need not reach his contentions regarding the one-year deadline for filing his application.

■ Because Estrada Suchite failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

